[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in Wizanjy, Poland, on August 25, 1975. The plaintiff wife ("wife") filed an action for a legal separation with a return date of December 1, 2001; the defendant husband ("husband") has countered wit a Cross Complaint (#109) for a dissolution of marriage. At one point in the proceedings, he was represented by counsel, but he is now a pro se party. The wife is represented by an attorney. There are currently no minor children, all having reached their majority. Throughout the course of the marriage, the parties have been separated for extensive periods of time; the husband having come to the United States to live and work, while the wife remained in Poland, teaching school. There is an existing alimony or monthly maintenance order entered in Poland, but no evidence was introduced indicating that the marriage CT Page 8054 had been dissolved. There is apparently an arrearage in Poland. In addition, this court entered pendente lite orders for alimony on February 1, 2001. For both parties, Polish is their first language, and each had an interpreter present at the hearing. Complicating matters further, the husband's medical condition has progressed to the point that he speaks in guttural sounds necessitating further assistance.
The husband is 53 years old and suffers from a rapidly progressive form of ALS ("Lou Gehrig's Disease"), and the evidence indicates that he is no longer able to work. (Exhibit B) In fact, he stopped working on March 15 of this year. He was found eligible for Social Security Disability, and will receive his first payment in the amount of $382.00 (for the month of July) on or about August 14, 2002, and $436.00 per month thereafter. He is also eligible for Medicare hospital and medical insurance. (Exhibit D) According to his testimony, his medications alone will absorb most if not all of his income. At the time of the marriage in Poland, the husband worked as a broadcast engineer. His most recent employment in the United States was that of a handyman.
The wife is 54 years of age and also suffers from a variety of health problems, principally heart disease, depression, and a loss of hearing. She no longer works. She taught school in Poland for 30 years and receives a modest pension of $130.00 to $140.00 per month, although the husband believes that the actual amount is somewhat higher. These monies she gives to her twenty-three-year-old son in Poland to pay for his university education. Her monthly expenses including rent, according to her affidavit, are being covered for the most part by another adult son. She received some financial assistance from the State of Connecticut, which, except for some medical benefits, has ceased. The Assistant Attorney General indicated at trial that he sought to protect the interest of the state.
The assets of the parties are modest, save for a home in Poland which is owned jointly, and which the wife indicates is worth $75,000. The husband testified that he does not know who owns the land on which the dwelling sits, but that he built the house itself (which is attached to another dwelling). Neither party has asked for the court to award them any interest therein which differs from the present legal status.
From the early days of their marriage, the parties have endured periods of lengthy separation. First, by agreement, the husband came alone to the United States between 1980 and 1984. Again, in 1994, the husband returned to the U.S. with the wife and one of their sons; the wife returned to Poland after three months. Occasional visits occurred both ways for several years. Finally, the husband asked the wife to come to the United States. She did so in November 2000, and moved into his apartment. Within CT Page 8055 one week, following a domestic violence incident, the wife called the Stamford Police, obtained a protective order which barred the husband from his lodgings as well as from any further contact with her. The charges and counter charges each as to the other are virtually impossible to sort out at this stage. The husband accuses her of long-term alcohol abuse; she accuses him of numerous acts of physical violence. Needless to say, the court believes that this marriage broke down long ago, more than likely in Poland, and that the lengthy periods of separation were a major factor.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-40, 46b-51, 46b-62, 46b-63, 46b-8 1, and46b-82 of the Connecticut General Statutes, hereby makes the following findings:
1. That it has jurisdiction.
2. That the allegations of the complaint are proven and true.
3. That the marriage of the parties has broken down irretrievably, and that ample evidence exists that both parties have contributed to said breakdown.
4. That there is an arrearage in pendente lite alimony in the amount of $900.00 as of June 26, 2002; and that it is equitable and appropriate that the husband make regular payments toward the outstanding balance of same, with due credit for any sums previously paid thereon.
5. That ample credible evidence exists that the husband suffers from a catastrophic and progressively debilitating illness known as ALS ("Lou Gehrig's Disease); that he is unable to provide support for himself through gainful employment; that he has been found eligible for Social Security Disability Income in the amount of $436.00 per month commencing July 2002; that this is his sole means of support; that based upon his testimony, his uninsured medical expenses will consume a substantial portion of his available income; and that he relies upon friends for some measure of support.
6. That ample credible evidence exists that the wife suffers from a variety of health problems which impact upon her ability to provide support for herself through gainful employment; that she is currently unemployed; that her sole means of support is by way of a teacher's pension from Poland in the amount of $130.00 per month; and that she CT Page 8056 relies upon members of her family for some measure of support.
7. That upon due consideration, the court finds it to be equitable and appropriate that nominal orders for periodic alimony be entered in favor of each party; and that in arriving at this finding, the court has given substantial weight to the length of the marriage, the health of the parties, their ages, and their respective earning capacities.
8. That some evidence was introduced at trial regarding the joint ownership by the parties of certain real estate in Suwalki Province, Poland; that neither party has sought relief in this regard; and that therefore, the court leaves to another day and another jurisdiction, the ultimate disposition of this asset.
 ORDER
IT IS HEREBY ORDERED THAT:
1. The marriage of the parties is hereby dissolved, and they are each hereby declared to be single and unmarried.
2. The husband shall pay to the wife the sum of one ($1.00) Dollar per year as and for periodic alimony, until the death of either party or the remarriage of the wife, whichever shall sooner occur.
3. The wife shall pay to the husband the sum of one ($1.00) Dollar per year as and for periodic alimony, until the death of either party or the remarriage of the husband, whichever shall sooner occur.
4. Commencing July 1, 2002, and monthly thereafter, the husband shall pay to the wife the sum of $25.00 until the arrearage in the amount of $900.00 is paid in full.
5. Personal property shall be divided as follows:
A. Except as otherwise set forth herein, each of the parties shall retain the personal property and home furnishings currently in their possession free and clear of any claims by the other.
B. Each party shall be entitled to keep the automobile which they are currently driving, whether owned or leased, free and clear of any claims by the other, and each party shall cooperate with the other regarding the execution of any documentation necessary to transfer and/or register same.
C. Each party is entitled to their checking and savings accounts free CT Page 8057 and clear of any claims by the other.
D. The husband shall be entitled to the small refrigerator, television, and air conditioner, all in the basement storage unit of the apartment at 109 Tresser Boulevard, Stamford; and he shall within thirty (30) days from the date hereof, with 48 hours advance notice to the wife, make arrangements with a third party to remove same. If he fails to do so within the time specified in this order, the wife shall be free to use or to dispose of these items free and clear of any further claims by the husband.
6. Except as otherwise set forth herein, the parties shall each be responsible for the debts as shown on their respective financial affidavits, and they shall indemnify and hold each other harmless from any further liability thereon. Specifically, each party shall be responsible for the medical bills as shown on their respective financial affidavits, and the wife shall be responsible for and hold the husband harmless from any liability arising out of the lease of the premises at 109 Tresser Boulevard, Stamford, Connecticut.
7. Each party shall be responsible for their respective attorney's fees and costs incurred in connection with this action.
THE COURT
 ___________________ SHAY, J.